**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
**STEPHANIE A. GALLAGHER**
**UNITED STATES MAGISTRATE JUDGE**

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 16, 2013

LETTER TO COUNSEL:

      RE:    *Ruth Batson v. Commissioner, Social Security Administration*;
             Civil No. SAG-12-1883

Dear Counsel:

      On June 25, 2012, the Plaintiff, Ruth Batson, petitioned this Court to review the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 13, 14). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

      Ms. Batson originally filed her claims on June 10, 2009, alleging disability beginning on March 6, 2007. (Tr. 99-105). Her claims were denied initially on October 1, 2009, and on reconsideration on March 12, 2010. (Tr. 52-55). A hearing was held on October 4, 2010 before an Administrative Law Judge ("ALJ"). (Tr. 18-38). Following the hearing, on November 2, 2010, the ALJ determined that Ms. Batson was not disabled during the relevant time frame. (Tr. 6-17). The Appeals Council denied Ms. Batson's request for review (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the agency.

      The ALJ found that Ms. Batson suffered from the severe impairments of degenerative disc disease and spondylosis. (Tr. 11). Despite these impairments, the ALJ determined that Ms. Batson retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except she can lift and carry 20 pounds occasionally; lift and carry 10 pounds frequently; can stand and walk 6 hours in a work day; can walk[1] [sic] 6 hours in a work day; can occasionally stoop, crouch, crawl, squat, kneel, balance, and climb stairs; but

---

[1] I agree with the Commissioner that the ALJ made a typographical error and intended to write "sit" instead of "walk" here. Def. Mot. 11.

*Ruth Batson v. Commissioner, Social Security Administration*
Civil No. SAG-12-1883
April 16, 2013
Page 2

avoiding stair[2] [sic] and scaffold climbing; and dangerous heights.

(Tr. 12).  After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Batson could perform her past relevant work as a cashier, and that she was therefore not disabled during the relevant time frame.[3]  (Tr. 16-17).

In addition to the argument addressed in footnote 3 above, Ms. Batson presents two arguments on appeal: (1) that the ALJ erred in formulating her RFC by making improper assignments of weight to medical sources and by making an adverse credibility assessment; and (2) that the ALJ erred in finding that she could perform her past relevant work as a cashier. Both arguments lack merit.

Ms. Batson's first argument is a lack of evidentiary foundation for the RFC found by the ALJ.  That argument has several subparts.  First, Ms. Batson alleges that the ALJ should not have assigned "great weight" to the state DDS assessments.  Both of the DDS physicians, Dr. Nakhuda and Dr. Ahn, reviewed Dr. Jensen's consultative examination report and Ms. Batson's treatment notes, including her lumbar spine x-ray of May, 2007.  (Tr. 211, 254, 277).  Prior to the ALJ's assignment of weight to Dr. Nakhuda and Dr. Ahn, the ALJ provided a detailed review of Ms. Batson's treatment records, noting her relatively infrequent seeking of treatment and her conservative pain management regimen (at times consisting only of ibuprofen and Motrin).  (Tr. 13-14).  The ALJ's determination that the opinions of Dr. Nakhuda and Dr. Ahn were "consistent with the medical record as a whole" is supported by the extensive medical evidence that the ALJ had summarized.  (Tr. 15).

Second, Ms. Batson contends that consultative examiner Dr. Jensen corroborated her complaints of pain.  In fact, Dr. Jensen found that Ms. Batson could sit and climb onto a scale without difficulty.  (Tr. 245).  Dr. Jensen found normal, equal muscle strength in Ms. Batson's upper and lower extremities, and no restriction in range of motion.  (Tr. 246).  Dr. Jensen also noted no pain with straight leg raising, and normal examination of the lumbo-sacral spine.  *Id*. As Ms. Batson cites, Dr. Jensen noted that, "standing, walking are impaired in that patient cannot do either for long periods of time or distance without experiencing significant low back pain." (Tr. 247).  That notation, however, is inconsistent with Dr. Jensen's essentially normal physical examination of Ms. Batson.  Moreover, as Dr. Jensen does not define "long periods of time," it is unclear that Dr. Jensen's opinion would be inconsistent with the demands of light work.  The

---

[2] I agree with the Commissioner that the ALJ made a typographical error and intended to write "ladder" instead of "stair" here.  Def. Mot. 11.

[3] The ALJ also determined, based on VE testimony, that Ms. Batson was capable of other light work.  (Tr. 16).  The Commissioner concedes, however, that the ALJ erred in making that finding, because Ms. Batson was 55 years old at the time of her hearing.  Def. Mot. 20.  Because Ms. Batson was an individual of "advanced age," the Medical-Vocational Guidelines would direct a finding of disabled for Ms. Batson if she could not perform her past relevant work, and could only perform light work.  *See* 20 CFR Part 404, Subpart P, Appendix 2, Table 2.  The relevant issue, then, is whether the ALJ properly found that Ms. Batson was capable of her past relevant work as a cashier.

*Ruth Batson v. Commissioner, Social Security Administration*
Civil No. SAG-12-1883
April 16, 2013
Page 3

ALJ's determination to assign "little weight" to Dr. Jensen's opinion was therefore supported by substantial evidence.

Third, Ms. Batson protests the ALJ's adverse credibility finding.  The Fourth Circuit has developed a two-part test for evaluating a claimant's subjective complaints, such as the limiting effects of an impairment.  *Chater*, 76 F.3d at 594.  First, there must be objective medical evidence of a medical impairment reasonably likely to cause the symptoms alleged by the claimant.  *Id.*  After the claimant meets this threshold obligation, the ALJ must evaluate "the intensity and persistence of the claimant's [symptoms], and the extent to which it affects [his] ability to work."  *Id.* at 595.  The ALJ followed that process in this case.  The ALJ's opinion cites Ms. Batson's relatively infrequent pursuit of emergency treatment, her lumbar x-ray showing only mild symptoms, and her activities of daily living during the relevant period. (Tr. 12-14).  While the ALJ may have misinterpreted Ms. Batson's ability to read or watch television, because the ALJ cited to other substantial evidence in support of the adverse credibility determination, remand is unwarranted.

Ms. Batson's final argument is that the ALJ erred in finding that she was able to perform her past relevant work as a cashier.  Essentially, this argument rises or falls on the validity of the RFC determined by the ALJ.  As discussed above, substantial evidence supported the ALJ's RFC determination.  The ALJ appropriately relied on the VE's testimony that Ms. Batson's past relevant work as a cashier was classified as light and unskilled. (Tr. 33).  Because that work fell within the parameters of the RFC, the ALJ's decision that Ms. Batson could perform her past relevant work was appropriate.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 13) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 14) will be GRANTED.  The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion.  An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge